SUSAN HEANEY HILDEN, ESQ., Bar # 5358
LITTLER MENDELSON, P.C.
50 West Liberty Street
Suite 400
Reno, NV  89501.1944
Telephone:   775.348.4888
Fax No.:      775.786.0127

Attorneys for Defendants
US BANCORP and US BANCORP INVESTMENTS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JERRY R. STEVER,<br><br>          Plaintiff,<br><br>vs.<br><br>US BANCORP and US BANCORP INVESTMENTS, INC.,<br><br>          Defendants. | Case No. 3:14-CV-00273-LRH-WGC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST CLAIM FOR RELIEF IN AMENDED COMPLAINT (UNLAWFUL DISCRIMINATION IN VIOLATION OF THE ADEA)** |

Defendants US Bancorp and US Bancorp Investments, Inc., (hereinafter "Defendants") answer Plaintiff Jerry R. Stever's First Claim for Relief in his Amended Complaint ("Complaint"), Unlawful Discrimination in Violation of the ADEA, as follows[1]:

**Introduction**

1.     Answering paragraph 1, the allegations set forth therein are not factual allegations requiring a response under the Federal Rules of Civil Procedure.  Defendants deny that Plaintiff suffered any employment discrimination or violation of his rights.

**Jurisdiction**

2.     Answering paragraph 2, the allegations set forth therein are not factual allegations requiring a response under the Federal Rules of Civil Procedure.

---

[1] Defendants are simultaneously filing a motion to dismiss Plaintiff's claim for contractual breach of the implied covenant of good faith and fair dealing (Second Claim for Relief).

Firmwide:127633344.3 059825.1000

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
50 West Liberty Street
Suite 400
Reno, NV  89501.1944
775.348.4888

3.   Answering paragraph 3, the allegations set forth therein are not factual allegations requiring a response under the Federal Rules of Civil Procedure.

### Venue

4.   Answering paragraph 4, the allegations set forth therein are not factual allegations requiring a response under the Federal Rules of Civil Procedure. Defendants deny that Plaintiff suffered any employment discrimination.

### Parties

5.   Answering paragraph 5, Defendants admit that Plaintiff is currently 71 years of age, that Plaintiff had experience in his field, and that U.S. Bancorp Investments, Inc. ("USBI") employed Plaintiff as an Investment Financial Consultant from July 2004 until his termination in December 2011.  Defendants deny all remaining allegations of paragraph 5.

6.   Answering paragraph 6, Defendants admit that USBI is incorporated in Delaware, is an investment advisor, is an affiliate of U.S. Bank National Association, and is a subsidiary of U.S. Bancorp, a bank holding company.   Defendants deny all remaining allegations of paragraph 6.

7.   Answering paragraph 7, Defendants admit that USBI employs more than 500 people nationwide, and does business in Washoe County.

8.   Answering paragraph 8, the allegations set forth therein are not factual allegations requiring a response under the Federal Rules of Civil Procedure.  Defendants deny that any wrongful acts occurred.

### Exhaustion of Administrative Remedies

9.   Answering paragraph 9, Defendants admit that Plaintiff filed a charge of age discrimination against U.S. Bancorp with the Equal Employment Opportunity Commission ("EEOC") on March 7, 2012.  Defendants deny all remaining allegations of paragraph 9.

10.   Answering paragraph 10, Defendants admit that the EEOC issued Plaintiff a Dismissal and Notice of Rights on April 7, 2014.

### Statement of Facts

11.   Answering paragraph 11, Defendants admit that USBI hired Plaintiff as an

2.

Firmwide:127633344.3 059825.1000

LITTLER MENDELSON, P.C.
Attorneys At Law
50 West Liberty Street
Suite 400
Reno, NV 89501.1944
775.348.4888

1 Investment Financial Consultant in July 2004.

2     12.     Answering paragraph 12, Defendants admit that Plaintiff worked for USBI
3 until his termination on December 1, 2011.

4     13.     Answering paragraph 13, Defendants admit that as of Plaintiff's December 1,
5 2011 termination, he was 68 years old.

6     14.     Answering paragraph 14, Defendants admit that on March 1, 2011, Plaintiff's
7 job title changed from Investment Financial Consultant to Financial Advisor.

8     15.     Answering paragraph 15, Defendants lack information sufficient to admit or
9 deny all markets that Plaintiff worked in, but admit that he worked in a number of the
10 markets alleged.

11     16.     Answering paragraph 16, Defendants admit that the Financial Advisor position
12 is paid by commissions.

13     17.     Answering paragraph 17, Defendants lack information sufficient to admit or
14 deny whether Plaintiff was the top investment producer for his region. Defendants admit
15 that in 2008 and 2009, Plaintiff met his production goals.

16     18.     Answering paragraph 18, Defendants admit that Plaintiff met his 2010
17 production goal, which was increased over his 2009 production goal.

18     19.     Answering paragraph 19, Defendants admit that Plaintiff attained Pinnacle
19 awards for the third and fourth quarters of 2009 and 2010.

20     20.     Defendants deny the allegations of paragraph 20.

21     21.     Defendants lack information sufficient to admit or deny the allegations of
22 paragraph 21, and on that basis, deny them.

23     22.     Answering paragraph 22, Defendants admit that Plaintiff's administrative
24 assistant left her employment in December 2010.

25     23.     Answering paragraph 23, Defendants admit that for some time period prior to
26 December 2010, Plaintiff had an administrative assistant to assist in his duties.

27     24.     Answering paragraph 24, Defendants admit that after December 2010, USBI
28 did not hire another administrative assistant to replace the administrative assistant who left

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
50 West Liberty Street
Suite 400
Reno, NV 89501.1944
775.348.4888

Firmwide:127633344.3 059825.1000

1 her employment in December 2010.

2     25.    Answering paragraph 25, Defendants admit that Plaintiff's performance review for 2010 indicated an overall score of 2, which signified that he was "highly effective."

    26.    Answering paragraph 26, Defendants admit that Plaintiff's performance review for 2010 was performed by his manager for that time period, David Terrell.

    27.    Answering paragraph 27, Defendants admit that USBI's Regulatory Annual Control Evaluation for Plaintiff, dated October 10, 2011, rated Plaintiff "acceptable" in all categories.

    28.    Answering paragraph 28, Defendants admit that Plaintiff was required to work with software in performing his job.  Defendants lack information sufficient to admit or deny what work was performed for Plaintiff by his administrative assistant.  Defendants deny the remaining allegations of paragraph 28.

    29.    Answering paragraph 29, Defendants admit that around April 2011, a new District Manager, James Schuster, was assigned to supervise Plaintiff.

    30.    Defendants deny the allegations of paragraph 30.

    31.    Answering paragraph 31, Defendants lack information sufficient to admit or deny the exact number of branches that Plaintiff was assigned between April and August 2011.  Defendant admits that the number of branches that Plaintiff was assigned was reduced during that time period.

    32.    Defendants deny the allegations of paragraph 32.

    33.    Answering paragraph 33, Defendants admit that James Schuster sent Plaintiff an Action Plan dated September 29, 2011 via email.

    34.    Defendants deny the allegations of paragraph 34.

    35.    Answering paragraph 35, Defendants admit that the Action Plan describes deficiencies in Plaintiff's performance.

    36.    Defendants deny the allegations of paragraph 36.

    37.    Defendants deny the allegations of paragraph 37.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
50 West Liberty Street
Suite 400
Reno, NV  89501.1944
775.348.4888

Firmwide:127633344.3 059825.1000

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Answering paragraph 40, Defendants admit that Plaintiff exceeded the production goal required for the month of October 2011. Defendants deny the remaining allegations of paragraph 40.

41. Answering paragraph 41, Defendants admit that the Form U5 that USBI completed for Plaintiff stated that the reason for his termination was "unsatisfactory job performance, non sales-practice related," and indicates a termination date of December 1, 2011.

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Answering paragraph 45, the allegations set forth therein are not factual allegations requiring a response under the Federal Rules of Civil Procedure. Defendants deny that they took actions that were in violation of the ADEA, or were otherwise unlawful.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

48. Defendants lack information sufficient to admit or deny the allegations of paragraph 48, and on that basis, deny them.

## Claims for Relief

### FIRST CLAIM FOR RELIEF

### Unlawful Discrimination in Violation of the ADEA

49. Defendants repeat and reallege by reference each and every response, denial and admission contained in Paragraphs 1 through 48 above and incorporate the same as though fully set forth herein.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

5.
Firmwide:127633344.3 059825.1000

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
50 West Liberty Street
Suite 400
Reno, NV 89501.1944
775.348.4888

53. Defendants deny the allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

55. Answering paragraph 55, the allegations set forth therein are not factual allegations requiring a response under the Federal Rules of Civil Procedure. Defendants deny that Plaintiff is entitled to the relief requested in the Prayer for Relief.

## **PRAYER FOR RELIEF**

Defendants are not required to respond to Plaintiff's Prayer for Relief. However, to the extent Plaintiff's Prayer asserts allegations, Defendants deny each and every allegation in Plaintiff's Prayer.

## **AFFIRMATIVE DEFENSES**

1. AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants allege that Plaintiff's Complaint fails to state facts sufficient to constitute any cause of action or to set forth any claim upon which relief can be granted.

2. AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants allege that any and all acts taken by Defendants were just, fair, privileged, with good cause, in good faith, and without malice.

3. AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants allege that any and all actions taken by Defendants were taken for lawful and non-retaliatory business reasons.

4. AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants allege that Plaintiff's recovery is limited and/or barred by after-acquired evidence.

5. AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants allege that if Plaintiff is adjudged to be entitled to any recovery, then Defendants are entitled to a set-off for any compensation, including without limitation to, unemployment compensation, wages and/or salaries, or social security payments, received by Plaintiff.

6.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
50 West Liberty Street
Suite 400
Reno, NV  89501.1944
775.348.4888

Firmwide:127633344.3 059825.1000

6. AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants allege that Plaintiff's claims are precluded by the statute of limitations and/or laches.

7. AS AN SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants allege that Plaintiff failed to state a claim upon which relief can be granted for lost wages, special damages, general damages, punitive damages, attorneys' fees, costs and/or any other damages or relief sought.

8. AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants allege Plaintiff is not entitled to punitive, exemplary, or liquidated damages because the alleged misconduct would be contrary to Defendants' good faith efforts to comply with the ADEA.

9. AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants allege that they exercised reasonable care to prevent and promptly correct any discriminatory behavior and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants.

10. AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants allege that if discrimination occurred, Defendants did not know nor should it have known of the allegedly discriminatory conduct.

11. AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants allege that Plaintiff failed to mitigate his damages, and any recovery on his complaint is therefore barred or reduced accordingly.

12. AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants allege that Plaintiff was an at-will employee.

Because the Complaint is couched in conclusory and vague terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, Defendants hereby reserve the right to assert additional affirmative defenses.

**WHEREFORE, Defendants pray**:

1. For judgment decreeing that the Plaintiff is entitled to recover nothing by way

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
50 West Liberty Street
Suite 400
Reno, NV 89501.1944
775.348.4888

Firmwide:127633344.3 059825.1000

of her Complaint, and that it be dismissed with prejudice;

2. For an award of attorneys' fees and costs of suit incurred herein; and

3. For such other and further relief as the Court deems proper.

Dated: July 14, 2014

/s/
SUSAN HEANEY HILDEN, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendants
US BANCORP and US BANCORP INVESTMENTS, INC.

8.

Firmwide:127633344.3 059825.1000

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
50 West Liberty Street
Suite 400
Reno, NV  89501.1944
775.348.4888